IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3098-D

| | | |
|---|---|---|
| GREGORY LYNN GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GRAHAM J. FONVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 6, 2011, Gregory Lynn Gordon ("Gordon" or "plaintiff"), a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1], together with a motion to appoint counsel [D.E. 4]. Gordon seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. Between June 9 and December 19, 2011, Gordon filed several supplements and additional materials to his complaint, including several declarations of himself and others, and a notification of a power of attorney [D.E. 6–9, 12, 16]. On November 3 and 7, 2011, Gordon filed motions for subpoenas [D.E. 10–11]. On November 17 and December 16, 2011, Gordon filed motions for preliminary injunctions [D.E. 13–14]. On December 16, 2011, Gordon filed a motion to stay proceedings [D.E. 15].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include

claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Accordingly, the court reviews Gordon's additional materials together with the original complaint to determine whether Gordon has stated any claim upon which relief can be granted.

First, the court addresses Gordon's motion to appoint counsel [D.E. 4]. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Gordon's abilities do not present exceptional circumstances. Accordingly, Gordon's motion to appoint counsel [D.E. 4] is denied.

When he filed the complaint, Gordon was a pretrial detainee housed as a "safekeeper" at

2

Craven Correctional Institution ("Craven").[1] Gordon was transported from Union County to Craven on March 23, 2011, and was sent to the medical unit upon his arrival to be evaluated for "hyperglocimia." [D.E. 12] 1. Gordon had personal property with him, which "consist[ed] only of legal material for pending criminal allegations in Union County." [D.E. 1] 3. Gordon states that he is representing himself in his criminal case. Id. Among the legal material was "a manila envelope" which contained "a federal statute of exculpatory nature and vital to plaintiff's defense in Union County Criminal Court." Id. 4. Gordon claims that while the Craven medical staff was examining him, defendant Fonville, a Craven correctional officer in the intake area, searched plaintiff's legal materials outside of his presence, and confiscated the manila envelope. Id. 2, 4. Defendant Enzor escorted Gordon from the medical unit back to intake, and Gordon discovered the missing envelope. Id. 4. Gordon then "spoke to Officer Fonville" who told Gordon "they want [sic] do nothing about it." Id. Defendant Dail, the Craven superintendent, reviewed video camera footage of the incident and "'ordered USC Title 12'" be given to plaintiff . . . but missing evidence has not been returned/replaced[.]" Id. In addition to Fonville, Enzor, and Dail, Gordon names Alvin Keller, the Secretary of the North Carolina Department of Correction, as defendant because "Keller is over all transactions in NC DOC." Id. Gordon asserts he cannot defend himself against the pending criminal charges without this material, and seeks declaratory and injunctive relief in addition to $3,000,000 in compensatory damages and $3,000,000 in punitive damages against each defendant. Id. 4–5.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[1] Apparently, Gordon is still a pretrial detainee. See N.C. Admin. Office of Courts, Citation Query, http://www1.aoc.state.nc.us/www/calendars.Officer.do?index=Next+25&start=0&navindex =0&agency=&defname=Gordon%2CG&submit=Submit+Query (last visited Jan. 30, 2012). He is being held at Central Prison [D.E. 17].

3

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Courts evaluate confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 534 n.16 (1979). As a practical matter, however, the analysis under the Due Process Clause and the analysis under the Eighth Amendment are materially indistinguishable. See, e.g., Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir. 1992). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted); see Grayson, 195 F.3d at 695. The first prong requires the plaintiff to show that "the deprivation of [a] basic human need was objectively sufficiently serious." Strickler, 989 F.2d at 1379 (quotation omitted) (emphasis omitted). Under the second prong, the plaintiff must show that "subjectively the officials acted with a sufficiently culpable state of mind." Id. (quotation, alteration, and emphasis omitted).

To meet the subjective prong, a plaintiff must show that the official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge

4

that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference requires that an official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837.

Even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, an adequate post-deprivation remedy is available to Gordon. See, e.g., Wilkins v. Whitaker, 714 F.2d 4, 6–7 (4th Cir. 1983). Because Gordon has a meaningful post-deprivation remedy available in state court, this claim fails. Moreover, "[t]o the extent that he argues that the seizure impeded his ability to defend his criminal case, . . . his remedy, if any, lies in [the criminal action itself or] a habeas petition, not a civil rights action." Shakur v. Coelho, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (unpublished); see Loden v. Hayes, 208 F. App'x 356, 359 (5th Cir. 2006) (per curiam) (unpublished). Thus, Gordon has failed to state a claim upon which relief can be granted.

Gordon also has failed to state a claim against several defendants. Gordon names Secretary Keller on a theory of supervisory liability. However, the doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 129 S. Ct. at 1948–49; Monell, 436 U.S. at 694; Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Additionally, Gordon has failed to allege that defendants Enzor or Dail acted with a sufficiently culpable state of mind. See Strickler, 989 F.2d 1379. Defendant Enzor was not involved in the confiscation, and spoke to defendant Fonville about the issue. Defendant Dail ordered the return of the material to Gordon. Thus, these defendants are dismissed.

5

Next, the court addresses Gordon's motions for a preliminary injunction and a temporary restraining order [D.E. 13–14]. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Gordon has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Gordon has failed to meet his burden of proof. Accordingly, the court denies Gordon's motions for a preliminary injunction [D.E. 13–14].

In sum, the court DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915(e)(2)(B). The court DENIES plaintiff's motions to appoint counsel and for a preliminary injunction and a temporary restraining order [D.E. 4, 13–14], and DENIES AS MOOT plaintiff's remaining motions [D.E. 10–11, 15]. The Clerk of Court shall close the case.

SO ORDERED. This 30 day of January 2012.

*[signature]*
JAMES C. DEVER III
Chief United States District Judge